El Pueblo de Puerto Rico, demandante y apelado, *v.* Joaquín Rivera Pérez, acusado y apelante.

No. 4336.—*Sometido:* Diciembre 8, 1930. *Resuelto:* Diciembre 24, 1930.

*Angel A. Vázquez,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Fiscal de esta Corte Suprema presentó una moción pidiendo que el recurso interpuesto en este caso se desestimara por no haberse notificado a la parte apelada el escrito

estableciéndolo de acuerdo con la ley. Acompañó a su moción una certificación del secretario de la corte de distrito correspondiente, de la cual resulta que el escrito de apelación archivado en el récord de la causa no aparece notificado al fiscal del distrito.

Señalada la vista de la moción, compareció el apelante por su abogado y se opuso a la desestimación alegando que la notificación fué hecha. Y a tal efecto presentó un *affidavit* de Antonio Quirós quien aseguró

"Que como a las doce del día 29 de abril y en la propia corte de distrito procedí a hacer el escrito de apelación para ante el Tribunal Supremo de Puerto Rico.

"Que inmediatamente fuí donde el Fiscal Honorable Domingo Massari quien se encontraba en sala para notificarle del dicho escrito de apelación. Que no recuerdo si el fiscal firmó dándose por notificado en el escrito pero sí recuerdo haberle entregado copia de dicho escrito de apelación y no estoy seguro si firmó a virtud de la prisa que había en radicar el escrito de apelación por ser las doce del día hora en que cerraba la corte sus trabajos para reanudarlos a las dos de la tarde. Que si hubo algún error en cuanto a la notificación o no del escrito de apelación se debió a la prisa tanto por parte de este abogado defensor como por parte del fiscal por la hora en que estábamos haciendo este trabajo."

Al sostener su posición en el acto de la vista de la moción, el Fiscal del Tribunal Supremo presentó un *affidavit* del Fiscal del Distrito, señor Massari, en el cual dicho funcionario aseguró

"1. Que es la costumbre de este funcionario cada vez que se le notifica de cualquier escrito, ya sea de apelación o de otra naturaleza, poner la firma en el sitio destinado en el propio documento para la notificación del fiscal y que cuando esto no lo hace la parte que notifica, entonces escribo de mi puño y letra la notificación, con la fecha en que la misma se hace.

"2. Que en el caso de perjurio seguido por El Pueblo de Puerto Rico contra Joaquín Rivera Pérez, no recuerdo en modo alguno que se me haya presentado ningún escrito de apelación ni que se me entregara copia del mismo.

"3. Que en el récord de la oficina del Fiscal, de este caso, no apa-

rece copia alguna de escrito de apelación en el mismo, siendo el último documento, del cual me notificara el acusado en dicho caso, una moción solicitando nuevo juicio, cuya copia aparece como último documento, entre todos los documentos del expediente que está en esta oficina.''

Veamos los términos en que está redactada la ley aplicable. Es el artículo 350 del Código de Enjuiciamiento Criminal, que dice:

''Artículo 350.—Se establece una apelación, presentando al secretario del tribunal en que estuviere archivada la sentencia o providencia apelada, el escrito de apelación, con entrega de las copias correspondientes al abogado de la parte contraria.''

La entrega de las copias es, pues, un elemento necesario para que el recurso se entienda debidamente interpuesto. Quirós asegura que entregó al Fiscal Massari copia del escrito de apelación, pero no recuerda si el fiscal firmó dándose por notificado. A su vez el Fiscal Massari asegura que no recuerda que se le entregara tal escrito y afirma que es su costumbre cada vez que se le notifica cualquier escrito, ya sea de apelación o de otra naturaleza, poner la firma en el sitio destinado para ello en el propio documento. Y si se examina el escrito de apelación obrante en el récord del caso archivado en la corte de distrito, se encontrará que no sólo no contiene la firma del fiscal, si que ni siquiera la fórmula en blanco para recogerla. Tampoco el récord del caso en fiscalía contiene copia alguna del escrito de apelación.

Bajo esas circunstancias no es posible estimar probado satisfactoriamente el hecho de que la notificación se hiciera. Nada dice la ley con respecto a que la parte contraria deba firmar al pie del escrito que se entrega al secretario y se archiva en la corte, pero es la práctica seguida para obtener que el récord hable por sí mismo y muestre que los dos requisitos exigidos por la ley se cumplieron. Bien sea en esa forma, ya en cualquiera otra reconocida en derecho, el hecho de la notificación debe aparecer del récord mismo de la causa, o acreditarse con certeza si no apareciere.

*La moción del fiscal debe declararse con lugar y en su consecuencia desestimarse el recurso por falta de prueba suficiente de su notificación a la parte contraria o a su abogado.*