EDUARDO ACEVEDO, demandante y apelado, *v.* ELEONOR ACEVEDO, demandada y apelante.

No. 6485.—*Sometido:* Mayo 1, 1934.   *Resuelto:* Mayo 9, 1934.

*La Costa & La Costa,* abogados de la apelante; *José Veray, Jr.,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 7 de octubre de 1931 compareció Eduardo Acevedo ante la Corte de Distrito de Aguadilla y por medio de su abogado formuló demanda de divorcio contra su esposa Eleonor Matheossian, conocida por Eleonor Acevedo, por causa de abandono.

El propio día 7 de octubre pidió a la corte la citación de la demandada por edictos por residir fuera de Puerto Rico, en 183 Wyckoff Street, Brooklyn, New York. Acompañó a su moción el *affidavit* de ley y la corte dictó al día siguiente una orden accediendo a lo solicitado, debiendo publicarse los edictos en "La Democracia" una vez por semana durante un mes y notificarse a la demandada por correo con copia de la demanda.

El 27 de noviembre siguiente volvió a comparecer el

demandante para pedir al secretario de la corte la anotación de rebeldía de la demandada, acompañando a su moción la declaración jurada del administrador de "La Democracia" haciendo constar que los edictos se publicaron en los números correspondientes al 12, 19 y 26 de octubre y al 5 y 12 de noviembre, 1931. Con respecto a la notificación por correo, se limitó a hacer constar que se había verificado.

El párrafo final de los edictos publicados, en lo pertinente, dice:

"Y SE NOTIFICA A USTED, que de no comparecer a contestar dicha demanda dentro de los diez días después de notificada, si la notificación se hiciera en el distrito, y dentro de los veinte días si se hiciera fuera del distrito, pero en la Isla de Puerto Rico, y dentro de los cuarenta días si se hiciere en otra parte, el demandante podrá pedir que se anote la rebeldía y que se dicte sentencia declarando con lugar la demanda, una vez vista la prueba, . . ."

El propio día 27 de noviembre de 1931 anotó el Secretario la rebeldía, se llamó el caso para juicio y la corte tomando en consideración las alegaciones y la prueba del demandante dictó sentencia declarando con lugar la demanda y en su consecuencia roto y disuelto el vínculo matrimonial que unía a las partes, ordenando que la hija menor habida en el matrimonio quedara bajo la custodia y patria potestad del demandante.

Así las cosas, el 20 de junio de 1932 compareció la demandada por medio de su abogado con el solo y único propósito de pedir como pidió la nulidad de la sentencia, entre otros motivos porque cuando la sentencia se dictó la corte no había adquirido jurisdicción para dictarla.

La moción fué declarada sin lugar por resolución de 24 de julio de 1933, contra la que se interpuso el presente recurso de apelación.

■■ Tres errores señala la apelante. Limitaremos nuestro estudio a uno, el que se refiere al motivo que dejamos indicado.

El criterio del tribunal sentenciador consta del siguiente párrafo de su resolución. Es así:

"El término de la publicación del edicto en este caso expiró el día 12 de noviembre de 1931. De acuerdo con el artículo 98 del vigente Código de Enjuiciamiento Civil, se considerará que la Corte ha adquirido jurisdicción sobre las partes y que ha quedado sometido al tribunal todo procedimiento subsiguiente en el caso, desde el momento en que hubiere expirado el término de la publicación cuando la citación se hubiere hecho, como se hizo en este caso, mediante publicación de edictos."

Estamos conformes en que el término de la publicación venció el 12 de noviembre de 1931. También lo estaríamos en que de acuerdo con el artículo 98 del Código de Enjuiciamiento Civil la corte habría adquirido jurisdicción sobre la persona de la demandada si dicha jurisdicción hubiera dependido solamente de la publicación, ya que dicho artículo expresamente dispone que "Desde la entrega de la citación y de la copia de la demanda en un pleito civil en los casos en que se requiera la entrega de una copia de la demanda, o desde que hubiere expirado el término de la publicación, cuando se ordenare la citación por publicación, se considerará que la corte ha adquirido jurisdicción sobre las partes y que ha quedado sometido a dicha corte todo procedimiento subsiguiente."

Pero aquí la citación se ordenó que se hiciera además por correo tal como lo prescribe la ley—artículo 95 del Código de Enjuiciamiento Civil—y ese extremo no consta que se comprobara debidamente. La simple manifestación del demandante por su abogado no es suficiente.

Ahora bien, aunque se hubiera comprobado ese extremo, nunca el secretario hubiera estado en condiciones de anotar como anotó la rebeldía de la demandada ni la corte de dictar como dictó sentencia sin oírla el 27 de noviembre de 1931 ya que a esa fecha sólo habían transcurrido quince días contados a partir de la citación y la ley y la citación misma le concedían cuarenta a la demandada para comparecer.

"En pleitos en que la citación fuere hecha por edictos," dice el artículo 194, No. 3, del Código de Enjuiciamiento Civil, "una vez vencido el término para la contestación, podrá el demandante, previa prueba de la publicación de los edictos y de no haberse presentado contestación, pedir que se dicte sentencia, en vista de lo cual deberá la corte exigir prueba de lo pretendido en la demanda; . . ."

El demandado se entiende citado, si la citación es por publicación, cuando vence el término por el cual la publicación fué ordenada y se demuestra que la orden fué cumplida, pero es a partir del perfeccionamiento de la citación que comienza a correr el término que se le concede para contestar. Y ese término era claramente aquí el de cuarenta días por tratarse de un demandado residente fuera de la Isla de Puerto Rico.

Desde 1855 la Corte Suprema de California interpretando el estatuto sobre la materia que rige en esta Isla desde 1904, resolvió:

"El único error que es necesario considerar, es el primero señalado, a saber: que la sentencia fué dictada antes de expirar el término concedido por la ley al demandado para contestar.

"Hubo un *affidavit* respecto a la no residencia del demandado y una orden para que se publicaran los edictos por tres meses. Casi inmediatamente después de cesar la publicación de los edictos se dictó sentencia.

"Esto fué un error, de conformidad con la clara interpretación del estatuto. Véase Ley de Procedimientos, secciones 25, 30 y 31. La ley concede al demandado diez días después de publicados los edictos para radicar su contestación, si la notificación se hace dentro del condado; veinte días si la notificación se hace fuera del condado, pero dentro del distrito judicial; cuarenta días en todos los demás casos. Una persona que no reside en el estado, por consiguiente, caería dentro de la última cláusula y tendría derecho a cuarenta días después de la publicación de los edictos.

"Luego, en aquella parte de la ley en que se habla de notificación por edictos a los no residentes, se declara: 'La publicación de los edictos se considerará cumplida al expirar el término prescrito por la orden decretando la publicación.'

"Se verá, por consiguiente, que la publicación tiene por único efecto notificar el emplazamiento; y como la parte demandada tiene cuarenta días para contestar, después de notificársele el emplazamiento, se desprende que debe tener cuarenta días luego de transcurrido el período de la publicación de los edictos.

"Debe revocarse la sentencia y devolverse la causa a la corte inferior." *Grewell* v. *Henderson*, 5 Cal. 465, 466.

Y la propia corte, cuarenta y seis años después, en el caso de *Foster* v. *Vehmeyer*, 133 Cal. 459, 460, se expresó así:

"La rebeldía en este caso no podía anotarse hasta treinta días después de completarse la publicación de los edictos. Entonces surge la siguiente cuestión. ¿Cuándo se completó la publicación de los edictos? El artículo 413 del Código de Enjuiciamiento Civil, entre otras cosas, dispone: 'La orden dispondrá que la publicación se haga en un periódico, designándose el que con más probabilidad sirva para notificar a la persona que deba ser citada, por un período de tiempo razonable, a lo menos una vez por semana; pero la citación por publicación contra el demandado residente fuera del estado, o ausente de él, no será por menos de dos meses.' En el presente caso el demandado residía fuera del estado. Sólo parece haber una interpretación racional a este estatuto, o sea, que el demandado tiene derecho a que los edictos sean publicados durante dos meses. No es necesario que medien dos meses completos entre la primera y la última publicación; pero sí es necesario que el edicto se publique una vez por semana durante esos dos meses; y también que desde la fecha de la primera publicación trancurran dos meses antes de que la publicación del edicto se considere como terminada. En otras palabras, habiéndose hecho la primera publicación en este caso el 14 de junio, el término de dos meses expiró el 13 de agosto, y deben transcurrir treinta días contados desde esa última fecha antes de que pueda anotarse la rebeldía. En el presente caso los dos meses expiraron el 13 de agosto y habiendo sido anotada la rebeldía el 11 de septiembre, es evidente que ello se hizo prematuramente."

Aunque se trata de una ley distinta, véase, sin embargo, como expresión clara del criterio legislativo en el sentido que resolvemos en este caso, lo dispuesto expresamente al final de la sección 1 de la Ley No. 10, de 1921, Leyes de 1921, p. 113.

Debe serse muy cuidadoso en el cumplimiento de todos los requisitos exigidos por la ley, ya que como dijo la Corte de Apelaciones del Primer Distrito de California, en el caso de *Quigley* v. *Ellenwood,* 82 Pac. 974, 975: "Al anotar una sentencia en rebeldía el demandante actúa a su propio riesgo. Debe ver que se cumpla la ley y que el término para comparecer expire. De lo contrario se expone a que su sentencia sea dejada sin efecto o revocada."

*En tal virtud, procede revocar la orden recurrida y dictarse otra dejando sin efecto la sentencia de noviembre 27, 1931.*