**BORSCHOW HOSPITAL AND MEDICAL SUPPLIES, INC., Plaintiff,**

v.

**BURDICK–SIEMENS CORP., the Burdick Corporation and Siemens–Elema AB, Defendants.**

**Civ. No. 90–1379(PG).**

United States District Court, D. Puerto Rico.

July 2, 1992.

Harry E. Woods, Hato Rey, Puerto Rico, for plaintiff.

Manuel Fernández–Bared, San Juan, Puerto Rico, for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

### I. Introduction

This case involves an action for termination of exclusive distributorship agreement in violation of local law 75 of June 24, 1964, *as amended,* 10 Laws of Puerto Rico Annotated ("L.P.R.A."), § 278 *et seq.* ("Law 75"). The Court is called upon to decide the validity of the motions filed by defendant the Burdick Corporation ("Burdick") and co-defendant Siemens–Elema AB ("Siemens") to quash service of process and dismiss for lack of *in personam* jurisdiction. For the reasons stated below, the Court refuses to quash service of process at this point and orders the production of certain documents necessary to determine both the propriety of service and the existence of *in personam* jurisdiction over Siemens.

### II. Relevant Procedural History

On September 20, 1990, this Court entered a margin order ("Order") quashing service of process on co-defendant Siemens for improper service on a non-resident defendant pursuant to Rule 4.5 of the Local Rules of Civil Procedure ("Rule 4.5"), 32 L.P.R.A. Ap. III 4.5. Left unresolved by the Order was the validity of service of process by publication on defendant Burdick pursuant to Rule 4.5. Also, seeking the benefit of further briefing by the parties, this Court noted that Borschow's opposition to Burdick's motion to dismiss for improper service was well taken and would remain under advisement pending further development of the record on the issue of *in personam* jurisdiction.

On October 10, Borschow requested re-issuance of summons and service on co-defendant Siemens pursuant to section 10(a) of the Hague Convention and Fed. R.Civ.P. 4(i)(1)(D) (service of non-resident defendant by mail). Siemens moved to quash service and for dismissal for lack of personal jurisdiction alleging that the Convention does not allow service by mail. Borschow opposed the motion; Siemens replied to the opposition and Borschow replied to the reply.

### III. Service of Process and Personal Jurisdiction

#### A. *Burdick Corporation*

This Court first addresses the merits of Burdick's special appearance to contest service of process. In this respect, Burdick advances two objections to service. First, it contends that the summons and complaint was issued in the name of and sent to a non-existence corporation—Burdick–Siemens Corp. Thus, Burdick concludes, service must fail under Local Rules of Civil Procedure 4.5 and 4.7, which require strict compliance before service is deemed effective. In support of this proposition, Burdick cites *Senior Loíza Corp. v. Vento Development Corp.,* 760 F.2d 20, 24 (1st Cir.1985); *García González v. Registrar,* 41 D.P.R. 663 (1930), among others. *See* Burdick's Motion to Dismiss for Insufficiency of Service of Process and Lack of

Personal Jurisdiction ("Burdick's Mot. to Dismiss"), ¶¶ 1–3.

Burdick's second gripe stems from the face of the summons issued by this Court. The summons indicates incorrectly that defendant has twenty (20) days to answer the summons rather than the thirty (30) days required by local Rule 10.1 and Fed. R.Civ.P. 4(e) and 12(a).

■ Burdick's exaltation of form over substance notwithstanding, this Court finds that both propositions break easily when closely scrutinized under the weight of established law and common sense. It is undisputable that service pursuant to Puerto Rico's long arm statute requires strict compliance with the strictures of Rule 4.5. *See generally Siderúrgica v. Thyssen Steel Caribbean,* 114 D.P.R. 548 (1983). This apparent inflexibility stems from the need to (1) ensure proper notice to defendant of the nature of the cause of action, (2) provide an opportunity to be heard, and (3) assure that the Court has personal jurisdiction over defendant.

As the claims herein involve exclusively questions of local law, the Court heeds the advice of the Second Circuit in *Klinghoffer v. S.N.C. Achille Lauro,* 937 F.2d 44, 53 (2nd Cir.1991), to the effect that service of process must comport with the applicable state standard in cases of diversity jurisdiction. In doing so, plaintiff bears the burden of establishing that service was proper and thus jurisdiction over defendants exists. *Sáez Rivera v. Nissan Mfg. Co.,* 788 F.2d 819, 821 (1st Cir.1986).

This burden is thoroughly satisfied by plaintiffs. Burdick submitted a copy of the summons it originally submitted to the Clerk's Court. Due to an inadvertent error, the summons states that defendant must answer within twenty (20) days of service rather than the (30) days required by the rules. According to Borschow, the number was changed in the Clerk's Office. In support of this proposition, Borschow submits a copy of the summons counsel originally submitted and a copy of the summons as issued by the Clerk's Office. Counsel calls to the attention of this Court that the number appears to have been changed. This clerical mistake, whether committed by the Clerk's Office or counsel for plaintiffs, will not suffice to render service defective for compliance with the local requirements of proper notice, opportunity to be heard and personal jurisdiction is still satisfied. *See Ind. Siderúrgica, supra.*

■ The same applies to the second basis for Burdick's motion to dismiss. Burdick spends precious time and efforts arguing that it has not received service of process because the documents received were addressed to either a non-existent corporation or the wrong corporation, namely, Burdick–Siemens.

■ This argument is disingenuous on its face. It is beyond dispute that a copy of the summons and complaint reached Burdick. Insofar as notice to the correct legal entity is concerned, the caption of the complaint includes the name "The Burdick Corporation." Local law teaches that service of the pertinent documents must be effected to defendant's last known address, *see Acevedo v. Acevedo,* 46 D.P.R. 678, 680 (1934), but does not require that the same be actually received, *see* Cuevas Segarra, José, Práctica Procesal Puertorriqueña, Procedimiento Civil, p. 42. This Court is thus satisfied that service did not "... significant[ly] fail[ ] to comply with [the] requirement[ ]" set forth in rule 4.5. Burdick's unyielding conclusion that "... any deviation from the requirements of Rule 4.5 will nullify service of process by publication," *see* Objections to Magistrate's Report and Recommendation ("Magistrate Report"), at p. 8, is, on this record, legally and factually incorrect.

■ All the above said, this Court cannot, at this point, embrace the Honorable Magistrate's conclusion that service is valid and *in personam* jurisdiction exists over Burdick. At least one reason springs to mind why this may be so. It may well be the case that Burdick, as an independent corporate entity, did not exist at the time Borschow attempted service. If so, service and personal jurisdiction would be lacking for the mere existential reason that Bur-

dick had ceased to exist. As this issue is inextricably intertwined with the validity of service and personal jurisdiction over Siemens, consideration of the latter is a prerequisite to elucidation of the former.

### B. *Siemens Corporation*

■ In holding that no jurisdiction exists over Siemens, the Magistrate found dispositive a sworn statement by Mr. Jorgen Andersson, Marketing Manager of Siemens. It stated: "... there is a corporation in the United States [Burdick], ... which *is not a subsidiary of Siemens–Elema AB,* which has distribution rights for certain Siemens Elema products within the United States." *See* Motion Submitting Affidavit in Support of Motion to Dismiss For Lack of *in personam* Jurisdiction, Exhibit at p. 1. (Emphasis supplied). Because in the Magistrate's opinion, this statement remained unopposed, the same was taken as true. *See* Magistrate's Report, p. 4, *citing Mangual v. General Battery Corp.,* 710 F.2d 15, 19 (1st Cir.1983).

The importance given this statement by the Magistrate cannot be understated. This "unopposed" affidavit served as the final nail on the coffin of *in personam* jurisdiction, allowing the Magistrate to conclude that Siemens had insufficient contacts with the forum. Although jurisdiction may indeed be lacking, this Court believes the conclusion unwarranted at this juncture.

As early as July 12, 1990, when Borschow filed its Opposition to the Burdick Corporation's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction and Memorandum of Law in Support, the evidence suggested that Anderson's statement was less than forthright. Exhibit 3, a letter dated June 1, 1989, from Patrick Morton ("Mr. Morton")—Vice President of Siemens—and Andrew Hofmann—Vice President of Burdick—states in its opening paragraph that "[a]s you [Borschow] may be aware, the Burdick Corporation, USA, was *recently acquired by Siemens–Elema AB Solna, Sweden."* (Emphasis supplied). This statement of corporate relationship is consistent with an earlier January 12, 1989 letter from Mr. Morton—who at the time was International Marketing Manager for Burdick—to the President/Sales Manager of Borschow, which states: "As you may know, Burdick Corporation *is now a division of Siemens–Elema Sweden." See* Plaintiff's Response to Siemens–Elema AB's Reply to Borschow's Opposition to Motion to Dismiss and/or Quash Service of Process, Exhibit 1. (Emphasis supplied). Although this Court feels tempted to conclude that Burdick is indeed an integrated division of Siemens, such conclusion cannot be made on a record that simply states that Burdick is not a subsidiary.

In order to expedite this painfully slow and overtly litigious matter, defendant Siemens is hereby ordered to submit to the Court all documentary evidence pertaining to the relationship—corporate, contractual or otherwise—between Siemens and Burdick prior and subsequent to the alleged acquisition, merger or buy-out. In order to avoid undue burden, defendant is instructed to submit, in good faith, only such documentary information as will clarify the relationship(s) between Siemens and Burdick. An affidavit merely restating that Burdick is not a subsidiary will not be satisfactory; rather, affidavits and other documentary information revealing the current relationship between Burdick and Siemens will be required.

### IV. Summary

In sum, this Court finds Burdick's motion to (1) quash for improper service and (2) dismiss for lack of personal jurisdiction without merit. However, it refrains from passing final judgment on the issue of personal jurisdiction over Burdick and Siemens until such time as Siemens produces—no later than ten (10) days from the notice of this order—documents that describe the nature of its relation to Burdick.

IT IS SO ORDERED.