**TRIPLE–S, INC., Juan Velazquez, Plaintiffs,**

v.

**Vanessa PELLOT, Court of First Instance, San Juan Part, Defendants.**

**No. Civ. 97–2641(DRD).**

United States District Court, D. Puerto Rico.

Jan. 29, 1999.

---

**124**

Pedro J. Manzano–Yates, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Plaintiffs.

Judith Martinez–Fortier, Dept. of Justice of PR, Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court are plaintiffs' Motion for Judgment by Default against co-defendant Vanessa Pellot, (Docket No. 18), and a Motion to Dismiss by defendant Court of First Instance, (Docket No. 9).

In the Motion for Judgment by Default the plaintiffs move for a relitigation injunction against Vanessa Pellot to enjoin her from pursuing and maintaining her action for sexual harassment against her former employer Triple S, Inc. and Juan Velázquez. The plaintiffs rely on the Court's power to issue any remedy necessary or appropriate in aid of its jurisdiction and the relitigation exception to the Anti–Injunction Act, 28 U.S.C. § 2283. Puerto Rico's Attorney General, on behalf of the Court of First Instance, moves to dismiss the complaint on the grounds that it enjoys Eleventh Amendment immunity from suit in. federal court. Both motions were duly opposed. (Opposition to Motion to Dismiss, Docket No. 13; Opposition to Motion Requesting Default, Docket No. 19).

## I. BACKGROUND

On May 10, 1996, Vanessa Pellot filed a complaint in the United States District Court for the District of Puerto Rico against her former employer Triple–S, and her former supervisors Juan Velázquez and Víctor Correa. In the complaint, hereinafter referred to as "Pellot I," the plaintiff sought relief for alleged sexual harassment under Title VII of the Civil Rights Act of 1964 and requested that the Court exercise supplemental jurisdiction over the local statutes that proscribe sexual harassment pursuant to 28 U.S.C. § 1367.

On July 9, 1996, Triple–S, Velázquez and Correa moved for dismissal of the complaint in Pellot I on the grounds that Pellot had failed to comply with the Title VII statutory requirement of filing a charge of discrimination with the EEOC or the state FEP Agency within three hundred (300) days of the alleged discriminatory act. 42 U.S.C. § 2000e–5(e). The movants did not limit their prayer for dismissal to the Title VII claim.

Pellot opposed defendants' motion to dismiss but never argued that the supplemental claims should be dismissed without prejudice.

On January 30, 1997, the District Court issued an opinion and order dismissing the complaint. The Court did not specify that the supplemental claims were dismissed without prejudice.

Pellot appealed to the U.S. Court of Appeals for the First Circuit. In her brief on appeal Pellot made the following single statement of issue for review: "[w]hether the Honorable District Court erred in dismissing the complaint filed by the plaintiff appellant in the United States District Court for not having exhausted administrative remedies prior to its filing."

Pellot's argument on appeal was limited to the alleged tolling of the charge filing period on account of her alleged mental state caused by several independent factors. Pellot failed to designate or argue as an issue on appeal that the supplemental claims should have been dismissed without prejudice. The Court of Appeals affirmed the dismissal of the complaint and made no mention of the dismissal of the supplemen-

tal claims. The issue of the dismissal of the supplemental claims was waived, thus it was not before the Court of Appeals. *Mulero–Rodriguez v. Ponte, Inc.,* 98 F.3d 670 (1st Cir.1996).

Pellot then filed a complaint in the Court of First Instance, San Juan Part. She alleged the same facts originally set forth in Pellot I.

In this case, Triple S and Velázquez filed a verified complaint requesting that this Court issue a permanent and preliminary injunction pursuant to the relitigation exception to the Anti–Injunction Act, 28 U.S.C. § 2283. Pellot was served by publication and did not file an answer. Default was entered against Pellot on June 17, 1998. The Court considers the motions *seriatim.*

## II. DISCUSSION

Having recited the facts chronologically, the Court proceeds to discuss the issues. The case presents the following questions: (1) whether Puerto Rico's Court of First Instance is immune from this action; and, (2) whether the judgment in Pellot I justifies an injunction to enjoin further proceedings regarding the issues pending before the courts of Puerto Rico.

### Eleventh Amendment Immunity

■ The Court of First Instance, through Puerto Rico's Attorney General, moved to dismiss the complaint on the grounds that it is an integral part of the state, and as such enjoys Eleventh Amendment immunity. The Attorney General correctly states that Puerto Rico, although not a state of the union, is to be afforded Eleventh Amendment protection. The Court agrees. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). *Ezratty v. Puerto Rico,* 648 F.2d 770, 776 n. 2 (1st Cir.1981). However, such protection is not extended to claims that may be equitable in nature, (injunctive relief), and do not impose liability payable from public coffers. *Ex Parte*

*Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan,* 415 U.S. 651, 667–68, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ramirez v. Puerto Rico Fire Service,* 715 F.2d 694 (1st Cir.1983).

Since the only relief sought by the plaintiffs in this case is injunctive in nature, it does not pose a risk to the Commonwealth's public treasury. It follows, and the Court so holds, that the Eleventh Amendment does not afford protection to the Court of First Instance in this case. Therefore, the Motion to Dismiss (Docket No. 9), is denied.

■ However, for reasons of comity, and because injunctive relief against the state (the court) is superfluous because the court is to enjoin the litigants, the Court exercises its discretion by dismissing the complaint against defendants' Court of First Instance **without prejudice.**

### The Relitigation Injunction

Plaintiffs move the Court to enjoin Vanessa Pellot from further pursuing against them her claims of sexual harassment filed in the courts of Puerto Rico. In essence, they argue that the judgment in Pellot I, affirmed by the Court of Appeals, deserves protection from this Court. They rely on the Court's authority to issue such a remedy in aid of its jurisdiction and the relitigation exception to the Anti–Injunction Act. The Court agrees. However, the court also deems appropriate the protection under The All Writs Act, 28 U.S.C. § 1651. The court explains.

■ The All Writs Act authorizes the Supreme Court and all courts established by Congress to issue any writs necessary and appropriate in aid of their respective jurisdiction. Such power to enter injunctive relief is limited by the Anti–Injunction Act and various equitable considerations. *In Re G.S.F. Corp.,* 938 F.2d 1467, n. 6 (1st Cir.1991).

The justification for the relitigation injunction sought by the plaintiffs is the

protection of the federal judgment in Pellot I. In order to afford the remedy, the Court must be satisfied of the existence of a "valid original judgment" because the power to enter a relitigation injunction stems from the existence of such a previous judgment by a federal court. *In Re G.S.F. Corp.*, 938 F.2d 1467 (1st Cir.1991).

The Court finds that the judgment in Pellot I dismissing the federal and supplemental claims filed by Pellot against the plaintiffs in this case is a valid original judgment. The complaint filed in Pellot I asserted claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and requested the Court to exercise supplemental jurisdiction over various state law causes of action that arose from a common nucleous of operative facts set forth in the complaint. Upon motion by the defendants in Pellot I, the Court dismissed the complaint, including the supplemental claims. On appeal, Pellot only challenged the dismissal of the Title VII claim and remained silent on the dismissal of the supplemental claims. Thus, Pellot waived review of the dismissal of her supplemental claims. *Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670 (1996).

In the opposition to the Motion for Judgment by Default the Commonwealths Attorney General argues that the judgment in Pellot I should be interpreted as a dismissal without prejudice because the Motion to Dismiss did not address the supplemental claims. In support of this contention the Attorney General attempts to distinguish *Mulero v. Ponte* by claiming that the *Mulero* waiver "applies only when it is specifically requested in a summary judgment as regards to both federal and Puerto Rico law claims."

The purported distinction is incorrect. In *Mulero* the Court of Appeals deemed waived Mulero's argument that the dismissal of the local claim should have been without prejudice because the issue was first raised in oral argument and was not briefed.

As in *Mulero*, Pellot never raised that the dismissal of the local claims in Pellot I should have been without prejudice. The question presented to the Court of Appeals was limited to the alleged tolling of the 300–day administrative filing requirements on the grounds that Pellot was mentally or emotionally disabled during said filing period. Failure to raise issues on appeal constitutes a waiver of said issues. *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991), *cert. denied*, 504 U.S. 910, 112 S.Ct. 1939, 118 L.Ed.2d 545 (1992).

Although the Attorney General argues that the dismissal of the supplemental claims must be taken to be without prejudice, he relies exclusively on a particular view of the *Mulero* holding. It is not argued that "[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claim." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir.1995); *Camelio v. American Federation*, 137 F.3d 666 (1st Cir.1998). Despite the failure to raise the issue, the Court finds that res judicata principles are controlling.

Whether the dismissal of the supplemental claims was on the merits (with prejudice), is governed by Fed.R.Civ.P. Rule 41(b) which states:

> "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis added).

The phrase "and any dismissal not provided for in this rule" encompasses any dismissal for reasons not addressed in Rule 41. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure*, Civ-

il 2d § 2373, p. 395 (1995). Since the dismissal of the complaint was for Pellot's failure to comply with a Title VII statutory requirement, the Court examines the extent of the "lack of jurisdiction" exception to Rule 41(b).

In *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961), the Court held that the scope of the "for lack of jurisdiction" exception under Rule 41(b) cannot be narrowly construed to be limited to jurisdictional defects such as lack of jurisdiction over the person or subject matter. Rather, *Costello* teaches that the exception encompasses "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claims." 365 U.S. at 285, 81 S.Ct. 534. Specifically, *Costello* addressed the Government's failure to file an affidavit of good cause in a denaturalization proceeding. A defect that could be cured. "These are technical preconsiderations to access to the court, not elements of the substantive claim, and are typically curable." *Mashpee Tribe v. Watt*, 542 F.Supp. 797 (D.Mass.1982).

■ While the charge filing requirements of Title VII are not jurisdictional, they are akin to a statute of limitations. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). A dismissal for failure to meet a statute of limitations, a precondition to suit that cannot be cured, is considered to be a dismissal "on the merits." *Rose v. Town of Harwich*, 778 F.2d 77 (1st Cir.1985) ("For one thing, our survey of recent cases suggests a clear trend towards giving claim-preclusive effect to dismissals based on statutes of limitations"). Puerto Rico also considers a dismissal based on statute of limitations to be a dismissal "on the merits" because a statute of limitations is substantive in nature, not procedural. *Diaz Maldonado v. Socorro Lacot*, 123 D.P.R. 261, 1989 WL 607328 (1989) (In Puerto Rico, like in the federal jurisdiction, as a general rule a dismissal for under a statute of limitations is a dismissal upon the merits and subject to the defense of res judicata); *Olmo v. Young & Rubicam*, 110 D.P.R. 740, 1981 WL 176523 (1981) (the running of a statute of limitations is a substantive matter, not procedural).

■ As previously stated, the plaintiffs seek an injunction under the relitigation exception to the Anti–Injunction Act. 28 U.S.C. § 2283. Said Act "prohibits federal courts from enjoining state court proceedings except in three limited situations: as authorized by statute, in aid of the jurisdiction of the federal court, and to protect a federal judgment." *In Re G.S.F. Corp.*, 938 F.2d 1467 (1st Cir.1991).

"The third exception to the Anti–Injunction Act makes the relitigation injunction possible by enabling a federal court to halt state litigation which merely rehashes a previous federal proceeding." *In Re G.S.F. Corp.*, 938 F.2d at 1478. The exception is founded in the well-recognized concepts of res judicata and collateral estoppel. *Chick Kam Choo v. Exxon Corporation*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). Thus, to accord injunctive relief the Court must be satisfied that the claims now asserted by Pellot in the Commonwealth's Court were actually decided in Pellot I.

■ Since the judgment in Pellot I was rendered by a federal court acting under its federal question jurisdiction, res judicata and claim preclusion defenses depend on the federal law standard. *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir.1991). Under said standard, "the essential elements of claim preclusion are (1) a final judgment as to the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits." *Id.*

First, the dismissal in Pellot I was a final judgment on the merits because the Court exercised its supplemental jurisdiction and did not characterize the dismissal

as one "without prejudice." Furthermore, the fact that the dismissal of the supplemental claims in Pellot I may have arguably departed from the general principles set forth in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), and the First Circuit in *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d at 1177, is a matter that should have been addressed on appeal, not by the filing of another claim. Such omission rendered the issue of the supplemental claims final.

The Supreme Court's guidance in *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) is directly on point:

"A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.*" As this Court explained in *Baltimore S S Co. v. Phillips,* 274 U.S. 316, 325, 47 S.Ct. 600, 71 L.Ed. 1069, an "erroneous conclusion" reached by the Court in the first suit does not deprive the defendants in the second action "of their right to rely upon a plea of res judicata ... A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same [cause of action]." We have observed that "[t]he indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert." (Emphasis added).

See also, *Kale,* 924 F.2d at 1167, in which the Court ruled that the dismissal "without prejudice" of a state-law claim did not bar a defense of claim preclusion.

The first element of issue preclusion, a final judgment on the merits in Pellot I has been met.

The remaining elements, identity of the cause of action and of the parties in both suits, is also present in this case and do not merit much discussion.

The Court's inquiry at this stage is limited to "what the earlier federal order *actually* said; it [does] not permit the District Court to render a *post hoc* judgment as to what the order was *intended* to say." *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 148, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) (emphasis in original). (*De Cosme,* 874 F.2d at 68)

In their Motion for Judgment by Default the plaintiffs have shown that Pellot I precludes relitigation of the state-law causes of action and that this Court should prevent relitigation of issues previously presented to and decided by the federal court. The plaintiffs have heeded the advise in *Parsons Steel Inc. v. First Alabama Bank,* 474 U.S. 518, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986), wherein the Supreme Court advised litigants that a res judicata argument in state law bars later injunctive relief in federal court under 28 U.S.C. § 2283. Therefore should the res judicata or claim preclusion issues had been initially presented to the Courts of Puerto Rico and adversely decided, the plaintiffs would have been barred from seeking the relief sought in this case. Plaintiffs' Motion for Judgment by Default is **GRANTED.**