**Calixto RIVERA, et al., Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS, et al., Defendants.**

**Civil No. 98–2069(JAG).**

United States District Court, D. Puerto Rico.

July 3, 2002.

Homero Gonzalez–Lopez, San Juan, PR, for plaintiffs.

Alfredo M. Hopgood–Jovet, Ariadna Alvarez, McConnell Valdes, San Juan, PR, for defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On October 24, 2001, co-defendant the American Cyanamid Employees Retirement Plan ("the Cyanamid Plan") moved for partial summary judgment on plaintiffs' breach of fiduciary duty and retaliation claims brought pursuant to the Employee Retirement income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Docket No. 91). The Cyanamid Plan also filed a Statement of Uncontested Material Facts, as required by Local Rule 311.12. Plaintiffs have not filed an opposition. Upon review of the record, and following application of Local Rule 311.12, the Court grants the motion.

## FACTUAL BACKGROUND[1]

Plaintiffs were employed by co-defendant Davis & Geck, Inc. ("DGI") DGI was a division of American Cyanamid Company ("Cyanamid"). Cyanamid had in effect a retirement plan named Cyanamid Plan; of which DGI's employees were participants. In late 1994, co-defendant American Home Products Corporation ("AHPC") acquired the outstanding stock of Cyanamid. On December 31, 1994, the Cyanamid Plan merged with and into the AHPC Retirement Plan–United States. The assets of the Cyanamid Plan were transferred to the AHPC Retirement Plan. As of December 31, 1994, former Cyanamid employees in Puerto Rico became beneficiaries of the AHPC Retirement Plan. On September 16, 1998, plaintiffs filed a Complaint against various defendants, including the Cyanamid Plan, AHPC, DCI, and the AHPC Retirement Plan to which the Cyanamid Plan was merged into. In its Answer to the Complaint, the Cyanamid Plan denied the Court's personal jurisdiction over it, inasmuch as it ceased to exist when it merged into AHPC.

## DISCUSSION

### I. *The Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party must demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Local Rule 311.12 requires the moving party to file and annex to the motion a "separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of contested material facts. All material facts set forth in the moving party's statement "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." (Emphasis supplied.) The First Circuit has consistently upheld the validity of Local Rule 311.12. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de*

---

**1.** Given the application of Local Rule 311.12, all material facts contained in defendants's Statement of Uncontested Material Facts are deemed admitted.

*Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

As noted earlier, plaintiffs have failed to oppose American Cyanamid's summary judgment motion. Thus, plaintiffs have failed to comply with the so-called "anti-ferret rule," as they have not presented a concise statement of material facts as to which there is a genuine issue to be tried. The Court is not required to "ferret through the record" lurking for facts that may favor plaintiffs when those facts were not proffered under a counter-designation of facts as required by Local Rule 311.12. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez Marrero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R.1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R. 1995).

Here, plaintiffs took the risk "to sit idly by and allow the summary judgment proponent to configure the record." *Kelly v. United States,* 924 F.2d 355, 358 (1st Cir.1991). Although the nonmovant's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road towards an easy dismissal." *Mendez Marrero,* 968 F.Supp. at 34. Since all material facts in the Cyanamid Plan's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, the Cyanamid Plan is entitled to judgment as a matter of law.

II. *The lack of personal jurisdiction defense*

The Cyanamid Plan avers that the Court lacks personal jurisdiction over it inasmuch as it ceased to exist when it was merged with and into the AHPC Retirement Plan before the Complaint was filed. It is well established that when an independent corporate entity does not exist at the time service was attempted, service and personal jurisdiction would be lacking under Puerto Rico law over such independent corporate entity. *See Borschow Hosp. and Medical Supplies, Inc. v. Burdick–Siemens Corp.,* 143 F.R.D. 468, 470 (D.P.R.1992). *See also* Puerto Rico Rules Civ. Proc., Rules 4.5, 4.7, 10.1. In the summary judgment context, plaintiffs bear the initial burden of showing that the Court has personal jurisdiction over the defendants. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135(1936); *Ticketmaster–New York, Inc. v. Alioto,* 26 F.3d 201, 207 n. 9 (1st Cir.1994). "If a plaintiff makes a prima facie showing of jurisdiction supported by specific facts alleged in the pleading, affidavits and exhibits, its burden is met." *See Ealing Corp. v. Harrods, Ltd.,* 790 F.2d 978, 979 (1st Cir.1986). In light of the uncontested facts that the Court has adopted pursuant to Local Rule 311.12, there is insufficient evidence on the record for the plaintiffs to even meet their burden. In the present case the undisputed record indicates that plaintiffs never served process on the Cyanamid Plan because representatives from AHPC accepted service by waiver on behalf of the Cyanamid Plan. The undisputed record further reflects that inasmuch as the Cyanamid Plan was absorbed by the AHPC—Retirement Plan, any request by the plaintiffs in connection to their retirement benefits should be directed to the AHPC—Retirement Plan. Inasmuch as the AHPC—Retirement Plan is a defendant in this case, plaintiffs have already included the appropriate party. Simply put, the admitted facts do not permit a showing that Court has personal jurisdiction over the Cyanamid Plan.

124

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Cyanamid Plan's motion for partial summary judgment and dismisses plaintiffs' Complaint against the Cyanamid Plan with prejudice.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of July 2002.