**Victor LEBRON–RIOS,**
**et al., Plaintiffs,**

v.

**The U.S. MARSHAL SERVICE,**
**et al., Defendants.**

**Civil No. 01–2716(JAG).**

United States District Court,
D. Puerto Rico.

July 24, 2002.

Benito Gutierrez–Diaz, Fajardo, PR, for plaintiff.

Fidel A. Sevillano–Del–Rio, Hato Rey, PR, Jose A. Oliveras–Gonzalez, Rio Piedras, PR, Victoria A. Ferrer–Kerbe, San Juan, PR, Jason M. Branciforte, Washington, DC, for defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Plaintiffs Victor Lebrón–Ríos ("Lebrón–Ríos") and Bernice Aponte–Rodríguez ("Aponte–Rodríguez")(collectively, "plaintiffs") filed a discrimination suit under Title VII, 42 U.S.C. § 2000e *et seq.;* 42 U.S.C. § 1981; the Taft Hartley Act, 29 U.S.C. § 151 *et seq.;* Puerto Rico Law 17, 29 L.P.R.A. § 155; and Puerto Rico's general tort statute, 31 L.P.R.A. § 5141. The named defendants are: the U.S. Marshal Service ("Marshal Service"); M.V.M., Inc. ("MVM"); Luis Torres ("Torres"), his wife, and their conjugal partnership; Luis Comas, his wife, and their conjugal partnership; Cesar Torres, his wife, and their conjugal partnership; United Government Security Officers of America, Local 72 ("Local 72"); and an unnamed Insurance Company.

Local 72 filed a Motion to Dismiss for Insufficiency of Process on January 28, 2002. (Docket Nos. 6, 11.) Plaintiffs did not oppose that motion. On April 3, 2002, the Court granted Local 72's motion to dismiss. (Docket Nos. 16, 17.) On April 5, 2002, plaintiffs filed a motion seeking reconsideration. (Docket No. 18.) On May 2, 2002, Local 72 filed a second motion to dismiss. (Docket No. 26.)

On January 30, 2002, defendants MVM; Torres, his wife, and their conjugal partnership; Luis Comas, his wife, and their conjugal partnership, filed an unopposed motion to dismiss, *inter alia,* for failure to exhaust administrative remedies. (Docket No. 7.) On April 26, 2002, the Court issued an Opinion and Order granting the motion, and entered partial judgment accordingly. (Docket No. 24.) On May 7, 2002, the Court vacated its partial judgment of April 26, 2002, and afforded plaintiffs an opportunity to file a motion for reconsideration. (Docket No. 29.)

On April 12, 2002, co-defendants the Marshal Service, the U.S. Department of Justice and César Torres filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). (Docket No. 22.) To date, this motion remains unopposed.

Upon review of the record, the Court grants the pending motions to dismiss (Docket Nos. 7, 22), except for Local 72's motion, which it denies. (Docket No. 26.)

## FACTUAL BACKGROUND

MVM provides court security services to the Marshal Service. (Docket No. 1.)

---

**1.** Mario Arroyo, a third year student at Tulane Law School, assisted in the research and preparation of this opinion.

Plaintiffs worked for MVM as Court Security Officers ("CSO") with the Marshal Service for the District of Puerto Rico. (*Id.* at 2–3.) Lebrón–Ríos began working as a CSO around September 23, 1999. Aponte–Rodríguez did so around April 25, 2001. (*Id.*)

Plaintiffs allege that defendants unlawfully harassed them "on account of social condition," deprived them of the equal protection of the laws, and retaliated against them. (*Id.* at 2.) They also contend that Local 72, a union of MVM employees to which plaintiffs belong, violated the Taft Hartley[2] Act by neglecting to represent plaintiffs in this action. (*Id.* at 2, 4–5, 6.)

The Complaint states that defendant Torres, MVM's site supervisor in Puerto Rico, sexually harassed her. Torres allegedly hired Aponte–Rodríguez because he was "very fun [sic] of her and wanted to go to bed with her." (*Id.* at 3.) At one time, Torres ordered Aponte–Rodríguez to report to his office for a training that was not going to take place; he allegedly wanted just to sit near her. When Aponte–Rodríguez arrived, Torres invited her several times to have breakfast or lunch with him. (*Id.* at 7.) Aponte–Rodríguez protested and walked out of his office. (*Id.* at 8.) Another time, he commented on the color of her lipstick and hair, as well as on her hairdo and make-up. (*Id.* at 7.) On yet another occasion, he touched her neck and hair and commented on its softness. (*Id.* at 8.)

Sometime after April 25, 2001, Aponte–Rodríguez and Lebrón–Ríos began a relationship. They eventually got married.[3]

(*See Id.* at 3, 5, 8, 10, 12.) When Torres became aware of the relationship, he became furious and tried to break the couple apart, telling Lebrón–Ríos that he wanted Aponte–Rodríguez to be his mistress. (*Id.* at 8.) Torres openly told other employees he was going to make Lebrón Ríos pay for interfering with his efforts to make Aponte–Rodríguez his mistress. (*Id.*)

Aponte–Rodríguez orally notified defendant Cesar Torres, MVM's service coordinator, about the sexual harassment incidents with Torres, to no avail. (*Id.* at 10.) Plaintiffs informed MVM and the Marshal Service of the situation, via fax and certified mail, again to no avail. (*Id.* at 4–5.) MVM, for its part, began its own investigation. (*Id.* at 12.) At some point thereafter, the employer—plaintiff does not specify whom—began retaliating against plaintiffs. (*Id.*)

Some time thereafter, Lebrón–Ríos's work post and work schedule were changed. (*Id.* at 8.) Lebrón–Ríos requested a transfer to the Virgin Islands, but when Aponte–Rodríguez applied for a transfer to the same destination, his request was denied. (*Id.*) The pressure became so intense for Lebrón–Ríos that he had to be taken to a hospital after a high-blood pressure incident. (*Id.* at 9.)

After leaving the hospital, Lebrón–Ríos and Aponte–Rodríguez stayed home for one day. (*Id.*) Although she had informed the lead CSO, Luis A. Comas ("Comas") of her impending absence, Comas punished her with one day off-duty. (*Id.*) That same day, she was called and ordered not to report back to work. (*Id.* at 12.)

---

**2.** The plaintiffs refer to the statute as the "Taft–Hardly" Act. The Court assumes that they refer to the Taft–Hartley Act, 29 U.S.C. § 151.

**3.** The Complaint does not specify when the plaintiffs became a couple or when they wed. The only fact specified is that they did not

know each other before April 25, 2001, the date when Aponte–Rodríguez was hired. The Complaint does make reference to Aponte–Rodríguez and Lebrón–Rodríguez as husband and wife at pages 8, 10 and 12. Thus, the Court assumes that their relationship and eventual marriage took place while they were MVM employees.

Plaintiffs allege that Comas had been closely supervising their personal whereabouts "in and out of the premises of the employer's assigned duties." (*Id.* at 10.) When Lebrón–Ríos had to miss time off from work because of his medical condition, Comas sought—and obtained—a suspension order to prevent Lebrón–Ríos from returning to work, alleging that Lebrón–Ríos "was medically unfit for duty." (*Id.*) This suspension order, the plaintiffs contend, was "a blunt effort to separate him from his wife who was kept working in her regular schedule and supervised by the same people she has been complaining of sexual harassment." (*Id.*)

Plaintiffs allege that MVM's acts constitute a "constructive lay off." (*Id.*) Moreover, they contend that MVM's tolerance of overt acts of sexual discrimination and civil rights violations have caused them emotional distress and health problems. (*Id.* at 6, 12.) They seek damages stemming from the allegedly illegal and discriminatory layoff, as well as back pay, costs, interests and legal fees. (*Id.* at 14.)

## DISCUSSION

### I. *Motion to Dismiss Standard*

Under Federal Rule of Civil Procedure 12(b)(6), a court accepts all well-pled factual allegation as true and draws all reasonable inferences in plaintiff's favor. *Tompkins v. United Healthcare of New England, Inc.,* 203 F.3d 90, 93 (1st Cir. 2000); *Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n of New England Inc.,* 37 F.3d 12, 14 (1st Cir. 1994). To survive a motion to dismiss the plaintiffs must "set forth factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Tompkins,* 203 F.3d at 93. Even when all inferences must be made in plaintiffs' favor, the Court need not credit "bald assertions, unsupportable conclu-

sions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). The Complaint will be dismissed if under the facts alleged, the Court finds that the plaintiffs will not "prevail on any possible theory." *Berezin v. Regency Sav. Bank,* 234 F.3d 68, 70 (1st Cir.2000); *Tompkins,* 203 F.3d at 93.

### II. *Plaintiffs' Motions for Reconsideration as to Local 72*

■ The Court may entertain a motion for reconsideration if it seeks to correct manifest errors of law or fact, present newly discovered evidence, or identify intervening change in the law. *See Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994)(*citing FDIC v. World Univ., Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Plaintiffs argue that the Court should reconsider its ruling dismissing their claims against Local 72 because their lawyers misplaced Local 72's motion to dismiss. Local 72 contends that it has not been properly served to this day. Plaintiffs argue, on the other hand, that even if they did not properly serve Local 72, Local 72 now has a copy of the Complaint and has had ample time to answer it.

■ To be sure, the plaintiffs incorrectly addressed and sent Local 72's Complaint and Summons to MVM. At some point thereafter, Luis Torres, an MVM employee, forwarded the Complaint to Julio Ruiz, Local 72's Treasurer. Local 72 argues that plaintiffs have not complied with Puerto Rico Rules of Civil Procedure 4.5 and 4.7, which require strict compliance before service is deemed effective. *Senior Loiza Corp. v. Vento Development Corp.,* 760 F.2d 20, 24 (1st Cir.1985). It is beyond dispute, however, that a copy of the summons and complaint reached Local 72. Insofar as providing notice to the correct legal entity is concerned, plaintiffs appear to have done so: the caption of the Com-

plaint includes the name "Local 72." The Court is thus satisfied that service did not "significantly fail to comply" with the requirement set forth in Rule 4.5. *Borschow Hosp. and Medical Supplies, Inc. v. Burdick-Siemens Corp.*, 143 F.R.D. 468, 470 (D.P.R.1992). Upon review of the record, the Court finds that plaintiffs have properly served Local 72. Accordingly, the Court will deny Local 72's motion to dismiss.

## III. *Plaintiffs' Motions for Reconsideration under Title VII*

Also pending reconsideration is the Court's Opinion and Order dismissing the Complaint as to MVM, Luis Torres, his wife María Cortes, Luis Comas and his wife Cristina Pagán. (Docket No. 24.) Plaintiffs request the Court to dismiss their Title VII claims without prejudice because they plan to file a discriminatory charge with the EEOC.[4] On April 25, 2002, the Court dismissed the claims with prejudice. (Docket No. 25.)

 Since the Court dismissed these claims due to plaintiffs's failure to exhaust administrative remedies, the Court must examine Fed.R.Civ.P. 41(b). *Triple-S, Inc. v. Pellot*, 41 F.Supp.2d 122, 126 (D.P.R.1999). Rule 41(b) states: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."[5]

Dismissals for violations of statutory rules in similar situations have been treated as being on the merits and dismissed with prejudice. *See Siaca v. Autoridad de Acueductos y Alcantarillados de P.R.*, 160 F.Supp.2d 188, 195 (D.P.R.2001); *In re Reed*, 861 F.2d 1381, 1382 (5th Cir.1988); *Maldonado-Cordero v. AT & T*, 73 F.Supp.2d 177 (D.P.R.1999). The plaintiffs's dismissal was based on their failure to comply with the EEOC requirements. The Court decided that issue on its merits; therefore the dismissal is with prejudice. In *Triple-S*, for example, the Court concluded that the employee's Title VII sexual harassment claims, based on her failure to timely file an administrative charge with EEOC, constituted an adjudication on the merits and, therefore, warranted dismissal with prejudice. *Triple-S*, 41 F.Supp.2d at 126.

Accordingly, the Court denies plaintiffs's motion for reconsideration and dismisses their Title VII claims as to MVM, Luis Torres, his wife María Cortes, Luis Comas and his wife Cristina Pagán.[6]

## IV. *Plaintiffs' Remaining Title VII Claims*

 Defendants Marshal Service, the U.S. Department of Justice and César Torres contend that the Court should dismiss the Complaint because plaintiffs failed to exhaust administrative remedies prior to filing suit. (Docket No. 22.) The Court grants their motion to dismiss for the same reasons it granted the other co-defendants' motion. (Docket No. 24 at 7.)

---

4. Plaintiffs claim that they have not exhausted the 300 days time limit to file a complaint under the EEOC.

5. A dismissal for failure to meet a statute of limitations (administrative requirements) is considered to be a "dismissal on the merits" for purposes of determining whether dismiss-

al of a claim was with or without prejudice. *Rose v. Town of Harwich*, 778 F.2d 77, 81 (1st Cir.1985).

6. Plaintiffs did not seek reconsideration as to MVM, Luis Torres, his wife María Cortes, Luis Comas and his wife Cristina Pagán § 1981 ruling. Therefore, that ruling stands.

Title VII states: "[A] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred, ... [or if] the person aggrieved ... initially instituted proceedings with a State of local agency with authority to grant or seek relief from such practices ... such charges shall be filed by or on behalf or the person ... within three hundred days after the alleged unlawful employment practice occurred". 42 U.S.C. § 2000e–5(e)(1994).

The reason for this requirement is to "provide defendants with prompt notice of claims and to create an opportunity for early conciliation." *Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico,* 160 F.Supp.2d 188, 195 (D.P.R.2001)(*citing Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir.1996)).

The First Circuit has held that "a claimant who seeks to recover ... for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits." *Bonilla v. Muebles J.J. Alvarez,* 194 F.3d 275, 278 (1st Cir.1999). Moreover, "[t]his omission, if unexcused, bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of a suit." *Id.*

To seek recovery for their Title VII claims, plaintiffs were required to file administrative charges prior to filing suit. They have failed to do so, and they have not given any reason to justify their noncompliance. Accordingly, the Court dismisses the Complaint *with prejudice* as to Marshal Service, the U.S. Department of Justice, and César Torres.

## V. *Failure to state a claim under 42 U.S.C. § 1981.*

Defendants, U.S. Marshal Service, the U.S. Department of Justice and Mr. César E. Torres Cabrera also seek dismissal of plaintiffs's Complaint for failure to state a claim under 42 U.S.C. § 1981. Section 1981, which prohibits racial discrimination, states, in pertinent part, that "[a]ll persons within the jurisdiction of the United State shall have the same right in every State and Territory ... and to the full and equal benefit of all and proceedings ... as is enjoyed by white citizens...." 42 U.S.C. § 1981. The Complaint contains no reference to an act of race discrimination by any of the defendants. Accordingly, plaintiffs's claims under § 1981 are dismissed.

## VI. *Plaintiffs' allegations of "Personal Tort Actions"*

Defendants, U.S. Marshal Service, the U.S. Department of Justice and Mr. César E. Torres also seek dismissal of plaintiffs personal tort actions. Plaintiffs vaguely allege personal tort actions in their Complaint. The plaintiffs, however, have failed to establish a jurisdictional basis for this claim. The Federal Tort Claim Act (FTCA) is the exclusive remedy for torts committed by the United States. *See* 28 U.S.C. §§ 2679(a),(d); *Roman v. Townsend,* 224 F.3d 24, 27 (1st Cir.2000). Exhaustion of plaintiffs's administrative remedies is a jurisdictional prerequisite to the prosecution of her FTCA claim. "It is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency." *Attallah v. United States,* 955 F.2d 776, 779 (1st Cir.1992). The record is devoid of any indication that the plaintiffs, to this day, have ever complied with the FTCA's ad-

ministrative exhaustion requirements. Accordingly, plaintiffs's claims must be dismissed.

## VII. *Remaining Claim*

The claim against Local 72 under the Taft Hartley Act remains. The Court shall grant the plaintiffs (10) days to specify under which section of the Act they are bringing suit.

## CONCLUSION

In light of the foregoing, the Court grants defendants's motion to dismiss *with prejudice* as to MVM, Luis Torres, his wife María Cortes, Luis Comas, and his wife Cristina Pagán. (Docket No. 7.) The Court also grants co-defendants U.S. Marshal Service, the U.S. Department of Justice and Mr. César E. Torres Cabrera's motion to dismiss *with prejudice*. (Docket No. 22.). The Court denies Local 72's motion to dismiss. (Docket Nos. 6 and 26.).

IT IS SO ORDERED.